UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAVEON HARRELL, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>NANCY MARTHAIS, <br><br>　　　　Defendant. | CAUSE NO. 3:22-CV-606-JD-MGG |

OPINION AND ORDER

Raveon Harrell, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Harrell alleges that Dr. Marthakis[1] diagnosed him with a hernia in August 2020. He was provided with a hernia belt, but he still had pain and loss of function. In August and September of 2021, x-rays were taken, and an ultrasound was performed. At that time, Dr. Marthakis determined that he did not have a hernia even though there was

---

[1] Harrell sued Dr. Nancy Marthais, but he has asked that the spelling be amended to reflect the correct spelling of Dr. Nancy Marthakis' name. ECF 3.

still something protruding through Harrell's abdominal wall. Harrell was permitted to keep the hernia belt. He continued to complain to Dr. Marthakis of pain. Dr. Marthakis told him to treat himself by going to commissary. After family complained to the IDOC's central office, a CT scan was performed on February 9, 2022. It showed both an umbilical hernia requiring surgery and a swollen liver. Even after the CT was performed, nothing was done to manage his pain until surgery could be performed. Surgery took place on May 13, 2022.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the

person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). Further factual development may show that Dr. Marthakis was merely negligent, but giving Harrell the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Dr. Marthakis.

Harrell is not proceeding in forma pauperis. Therefore, the court will not serve the defendant pursuant to 28 U.S.C. § 1915(d). Rather, it is Harrell's obligation to serve Dr. Marthakis. If Harrell desires the assistance of the United States Marshals Service, he may contact them directly to make appropriate arrangements. Should Harrell wish to contact the United States Marshals Service for assistance with service, he may write them at United States Marshals Service, 204 S. Main Street., South Bend, Indiana 46601. The United States Marshals Service may be contacted by telephone at (574)236-8291.

For these reasons, the court:

(1) DIRECTS the clerk to amend the docket to reflect the correct the spelling of the defendant's name: Dr. Nancy Marthakis;

3

(2) GRANTS Raveon Harrell leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory and punitive damages for deliberate indifference to Harrell's pain and suffering related to his hernia, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS Raveon Harrell to make arrangements to serve Dr. Nancy Marthakis; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 21, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4